**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 09-00279-10
                                            CIVIL ACTION NO. 12-1525

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

BRIAN MOSS                                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court are a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 464) and an Amended Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 546) filed by Petitioner Brian Moss ("Moss").  Moss has also filed a Motion for Evidentiary Hearing (Document 466). Moss seeks an order from the Court vacating or reducing his sentence on the grounds that: (1) his sentence was excessive in violation of the Eighth Amendment; (2) his criminal history calculation was incorrect due to the inclusion of a state offense; (3) the Fair Sentencing Act of 2010 should have been applied to his case; (4) his counsel was ineffective for failing to investigate the offense prior to his guilty and for failing to object to the use of immunized statements to calculate his guideline range; (5) his counsel was ineffective for failing to challenge an illegal search by officers, resulting in a due process violation; and (6) there was insufficient evidence to support his conviction for conspiracy, thus he is actually innocent.  For the reasons set forth below, Moss's Section 2255 motions and his request for an evidentiary hearing are **DENIED**.

**BACKGROUND**

On April 5, 2010, pursuant to a written plea agreement, Moss plead guilty to Count Two of the Indictment which charged him with conspiracy to distribute 50 grams or more

of a mixture or substance containing a detectable amount of crack cocaine base or crack

in violation of Title 21, United States Code, Sections 841(a)(1) and 846.  <u>See</u> Record

Documents 211 & 212.  The written factual basis read as follows:

> A Title III wiretap of co-defendant Shedrick Green's cell phone was authorized by this Court's order beginning in February, 2009, and continuing through April, 2009, based on an investigation by the Drug Enforcement Administration (DEA).  The Defendant, BRIAN S. MOSS, was intercepted on several calls with Shedrick Green between February and April, 2009, about buying quantities of crack cocaine.
>
> At the time of his arrest on this Indictment, MOSS confess [sic] that he was getting his crack cocaine for sale from co-defendant Kevin Goldsmith and Shedrick Green.
>
> Kevin Goldsmith has pled guilty and confirms the above information, and states he supplied MOSS with 4 to 9 ounces (112 grams to 252 grams) of crack every week or every other week from 2007 to December, 2008.
>
> Shedrick Green has pled guilty and confirms the above information, and states he supplied MOSS with approximately 18 ounces (504 grams) of crack cocaine a month from December, 2008, through May, 2009.

Record Document 212-2.

On August 31, 2010, Moss was sentenced to 175 months imprisonment.  <u>See</u>

Record Documents 343 & 344.  His original guideline range was 235 to 293 months;

however, the Court granted the government's Motion for Sentencing Pursuant to § 5K1.1.

<u>See</u> Record Documents 326, 343.

A Notice of Appeal was filed on September 17, 2010.  <u>See</u> Record Document 347.

Counsel for Moss later filed an <u>Anders</u> brief pursuant to <u>Anders v. California</u>, 386 U. S. 738,

87 S.Ct. 1396 (1967).  <u>See</u> Record Document 424.  Moss filed a brief in response.  <u>See id.</u>

On June 14, 2011, the appeal was dismissed by the United States Court of Appeals for the

Fifth Circuit.  <u>See id.</u>  The Fifth Circuit held "the appeal present[ed] no nonfrivolous issue

for appellate review" and that Moss's ineffective assistance of counsel claims were not proper to consider on direct appeal.  Id. at 1-2.

Moss timely filed the instant Section 2255 motion on May 31, 2012.  See Record Document 464.  He also requested a evidentiary hearing.  See Record Document 466.  On June 26, 2012, the Court reduced Moss's sentence from 175 months to 128 months pursuant to 18 U.S.C. § 3582(c)(2) in accordance with the guidelines mandated by the Fair Sentencing Act of 2010.   See Record Document 478.  On November 29, 2012, Moss amended his Section 2255 motion.  See Record Document 546.  The government has answered both motions.  See Record Documents 511 & 556.

In his Section 2255 motions, Moss asserts the following grounds for an order vacating or reducing his sentence:

(1)     excessive punishment in violation of the Eighth Amendment Right;

(2)     erroneous inclusion of a state offense for purposes of calculating his criminal history in light of new decisions of the United States Supreme Court and sister circuits with respect to maintaining and securing uniform resentencing;

(3)     retroactivity of the Fair Sentencing Act of 2010;

(4)     ineffective assistance of counsel due to counsel's failure to investigate the offense prior to the guilty plea and counsel's failure to object to the use of immunized statements in calculating the guideline range at sentencing;

(5)     ineffective assistance of counsel due to counsel's failure to object to an illegal search, thereby resulting in a violation of his due process rights; and

(6)     actual innocence of the conspiracy due to insufficient evidence to support a conviction of conspiracy.

See Record Documents 464, 465, 546 & 547.  Moss's third ground relating to the

retroactivity of the Fair Sentencing Act is now **MOOT**, as the Court addressed this issue in its Section 3582(c)(2) order of June 26, 2012. See Record Document 478. The Court will now move to its analysis of the remaining grounds.

## LAW AND ANALYSIS

**I.    Legal Standards.**

"The district court shall conduct a hearing on a petitioner's allegations '(u)nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" 28 U.S.C. § 2255; see also U.S. v. Guerra, 588 F.2d 519, 520 (5th Cir. 1979; Dupart v. U.S., 541 F.2d 1148, 1149 (5th Cir. 1976) (per curiam); Summers v. U.S., 538 F.2d 1208, 1210 (5th Cir. 1976) (per curiam). "Notwithstanding this legislative mandate, it is well-settled that a petitioner does not establish his right to a hearing by the simple expedient of filing a petition." Additionally, a hearing is not required on patently frivolous claims, claims which are based upon unsupported generalizations, or where the petitioner's allegations are affirmatively contradicted by the record. See Guerra, 588 F.2d at 520-521; Holland v. U.S., 406 F.2d 213 (5th Cir. 1969).

Review under Section 2255 is limited to four grounds:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255.  Furthermore, issues raised and disposed of on direct appeal are not subject to further review under Section 2255. See U.S. v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-232 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-165, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). A defendant who fails to challenge his conviction or sentence on direct review, but who raises either constitutional or jurisdictional error for the first time on collateral review must show both "cause" for his procedural default and "actual prejudice" resulting from the asserted error, or must demonstrate that he is "actually innocent." Bousley v. U.S., 523 U.S. 614, 622, 118 S.Ct. 1604, 1611 (1998); U.S. v. Walker, 68 F.3d 931, 934 (5th Cir. 1995); Segler, 37 F.3d at 1133.

In cases in which a defendant has entered a guilty plea, the only question for the court to determine is whether the defendant's decision to plead guilty was voluntary. See

U.S. v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008).  A defendant who voluntarily pleads guilty waives all non-jurisdictional defects in the proceedings against him.  See id.; U.S. v. Daughenbaugh, 549 F.3d 1010, 1012. (5th Cir. 2008).

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel.  Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003).  This "procedural default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. at 504, 123 S.Ct. at 1693.  Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives.  See id.  A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations.  See id.  Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal.  See id.

In order to prevail on a claim of ineffective assistance of counsel, Moss must prove (1) that his counsel's actions were deficient, i.e., fell below an objective standard of reasonableness; and (2) that his counsel's deficient performance prejudiced the defense, i.e., his attorney's "errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994).  Moss bears the burden of proving both prongs of the Strickland test.  See U.S. v. Franks, 230 F.3d 811,

813 (5th Cir. 2000). "Failure to establish deficient performance or prejudice defeats an ineffective assistance claim." Id. Courts need not analyze the Strickland prongs in any particular order. See Goodwin v. Johnson, 132 F.3d 162, 172 n. 6 (5th Cir. 1998).

Under the first prong of the Strickland test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Under the second prong, the defendant must show "that there is reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). In other words, "to establish prejudice . . ., a defendant must show that his attorney's errors were so serious as to render the proceedings unreliable and fundamentally unfair." U.S. v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994).

## II.    Analysis.

### A.    Evidentiary Hearing.

In his Motion for Evidentiary Hearing, Moss simply recited legal standards and gives no specific facts or legal arguments warranting a hearing. Moreover, as more fully set forth below, this Court finds that his claims and allegations are unsupported generalizations and/or are affirmatively contradicted by the record. For these reasons, Moss's Motion for Evidentiary Hearing is **DENIED**.

### B.    Eighth Amendment Claim.

Moss argues that his punishment was so grossly out of proportion to the severity of

his crime that his Eighth Amendment right "for excessiveness of punishment" was violated. Record Document 465 at 5. In support of his argument, Moss refers to case law but gives little or no analysis as to how the case law applies to his case. Further, while he refers to an "enhanced sentence," the record easily establishes that his sentence was not enhanced under the Armed Career Criminal Act, the Career Criminal Guideline, or 21 U.S.C. § 851.

"The concept of proportionality is central to the Eighth Amendment. Embodied in the Constitution's ban on cruel and unusual punishments is the precept of justice that punishment for crime should be graduated and proportioned to [the] offense." Graham v. Florida, 560 U.S. 48, 59, 130 S.Ct 2011, 2021 (2010). A leading case on this issue is Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680 (1991), wherein the Court held that the Eighth Amendment contains a "narrow proportionality principle" that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Graham, 560 U.S. at 59-60, 130 S.Ct. at 2021, citing Harmelin, 501 U.S. at 997, 1000–1001, 111 S.Ct. at 2702-2705. The Harmelin Court explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, stating that a court must begin by comparing the gravity of the offense and the severity of the sentence. Harmelin, 501 U.S. at 1005, 111 S.Ct. at 2707.

Here, Moss has not attacked his guideline calculation or his criminal history. Additionally, his sentence of 175 months is well within the statutory term of 5 years to 40 years. In 2012, Moss's sentence was reduced to 128 months under the FSA. His present sentence is well below the guideline range and the statutory maximum. Based on these facts, Moss's Eighth Amendment challenge fails because he has failed to show how his

sentence is grossly disproportionate to his offense.  See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").

### C.    Inclusion of State Offense.

Moss alleges that "new decisions in the United States Supreme Court and Sister Courts has [sic] caused intra-circuit conflict regarding convictions that qualify defendants to be enhanced as career criminals, to maintain and secure uniformity resentencing is necessary."  Record Document 465 at 3.  He refers to his "prior state drug conviction" and a "recidivism enhancement."  Record Document 464 at 5; Record Document 465 at 3.

The exact basis of Moss's claim is unclear.  While he once again cites case law, he alleges no specific facts evidencing how the cases are relevant or applicable to the instant matter.  His sentence was not enhanced under the Armed Career Criminal Act, the Career Criminal Guideline, or 21 U.S.C. § 851.  The only state offense for which he received any criminal history points was an aggravated battery conviction for which he received one criminal history point.  Yet, even if no point had been added for this state offense, Moss's criminal history category would have remained a II because he committed the instant offense while on state probation.

In sum, Moss has provided no facts to support his claim that his sentence was incorrectly calculated based upon a state law offense.  See Estelle, 694 F.2d at 1012 ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding.").  Notwithstanding, any claim would fail because a guidelines issue is not cognizable under Section 2255.  See Vaughn, 955 F.2d 367 ("A district court's technical application of the Guidelines does not give rise to a constitutional issue.").

### D.    Ineffective Assistance of Counsel Claims.

Moss argues that his counsel was ineffective in the following ways:  (1) failure to investigate the offense prior to the guilty plea and  failure to object to the use of immunized statements in calculating the guideline range at sentencing; and (2) failure to object to an illegal search, thereby resulting in a violation of his due process rights.

1.    Failure to Investigate the Offense Prior to the Guilty Plea & Failure to Object to the Use of Immunized Statements

Moss contends that his counsel was ineffective for failing to investigate drug quantity.  See Record Document 465 at 2.  He later amended this ground to include the allegation that his counsel was ineffective for failing to object to the use of immunized statements.  See Record Document 546 at 10.[1]  More specifically, Moss argues:

> During debriefing, [Moss] gave statement about role of wholesale supplier, Shedrick Green.  The United States Probation Department misrepresented the amount purchased in their statement to the court. [Moss] only purchased five hundred (500) grams of cocaine in a six (6) month period from Green.  These transactions were never revealed to the Government or DEA until [Moss], in the present counsel, during proffer statement, any statement used in any limited immunity plea agreement may not be used in determining the applicable guidelines range under the United States Sentencing Guidelines Manual ("USSG").
> This error was also made with co-conspirator, Rodney Harper. . . . Harper was entitled to specific performance of the agreement and to be resentence[d] before a different judge.

Record Document 465 at 2.

---

[1]Moss also alleges that the Government "violated [its] contracted agreement by failing to honor the immunized statement agreement that they must strictly adhere to." Record Document 546 at 8.  Moss points to the Fifth Circuit's opinion relating to his co-defendant Rodney Harper.  See U. S. v. Harper, 643 F.3d 135 (2011).  In sum, he argued that "the Harper precedence" should apply to his case and that he should be resentenced by "a new judge without the drug quantity that violates the Immunized Statement contract." Record Document 547 at 4.  This argument will be addressed simultaneously with the ineffective assistance of counsel claim raising the same issue.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  U.S. v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Here, the Court finds that Moss's ineffective assistance of counsel claim based on failure to investigate fails.  During his change of plea hearing, Moss stated that he was voluntarily giving up certain rights by pleading guilty.  See Record Document 383 at 5, 12. He acknowledged his signature on the written factual basis and stated he had no disagreement with the facts set forth in the written factual basis.  See id. at 6.  The written factual basis provided:

> A Title III wiretap of co-defendant Shedrick Green's cell phone was authorized by this Court's order beginning in February, 2009, and continuing through April, 2009, based on an investigation by the Drug Enforcement Administration (DEA).  The Defendant, BRIAN S. MOSS, was intercepted on several calls with Shedrick Green between February and April, 2009, about buying quantities of crack cocaine.

> At the time of his arrest on this Indictment, MOSS confess [sic] that he was getting his crack cocaine for sale from co-defendant Kevin Goldsmith and Shedrick Green.

> Kevin Goldsmith has pled guilty and confirms the above information, and states he supplied MOSS with 4 to 9 ounces (112 grams to 252 grams) of crack every week or every other week from 2007 to December, 2008.

> Shedrick Green has pled guilty and confirms the above information, and states he supplied MOSS with approximately 18 ounces (504 grams) of

crack cocaine a month from December, 2008, through May, 2009.

Record Document 212-2.  The written factual basis clearly establishes that Moss admitted

to a conspiracy, that is, regularly dealing in crack cocaine from 2007 to 2009 with two

different co-defendants.  See id.  The written factual basis also establishes drug quantity,

as it clearly references 112 grams to 252 grams in relation to Moss and Kevin Goldsmith

and 504 grams in relation to Moss and Shedrick Green.  See id.

Moss further admitted during his guilty plea that he believed the government could

prove him guilty beyond a reasonable doubt of conspiracy to distribute 50 grams or more

of crack.  See Record Document 383 at 11.   He declared that his decision to plead guilty

was a free and voluntary act.  See id. at 13.

In cases in which a defendant has entered a guilty plea, the only question for the

court to determine is whether the defendant's decision to plead guilty was voluntary.  See

Cavitt, 550 F.3d at 441.   A defendant who voluntarily pleads guilty waives all non-

jurisdictional defects in the proceedings against him.  See id.; Daughenbaugh, 549 F.3d at

1012.  This waiver "includes claims of ineffective assistance of counsel except insofar as

the ineffectiveness is alleged to have rendered the guilty plea involuntary."  U.S. v. Glinsey,

209 F.3d 386, 392 (5th Cir. 2000).  A review of the transcript from Moss's change of plea

hearing reveals there is simply nothing in the record to indicate that counsel's alleged

failure to investigate  affected the voluntariness of Moss's guilty plea.

Moreover, Moss does not "allege with specificity what the investigation would have

revealed and how it would have altered the outcome of the trial."  Green, 882 F.2d at 1003.

He does not state what facts his counsel missed that should have been discovered in an

investigation.  He also does not explain in what way any such facts would have influenced

Page 12 of  16

him to proceed to trial rather than to plead guilty.  Thus, Moss's ineffective assistance of counsel claim relating to his counsel's alleged failure to investigate likewise fails on the merits.

Moss further argues that the government violated the immunity agreement contained in the plea agreement and his counsel was ineffective for failing to object to the use of immunized statements.  The plea agreement provides for "use immunity for all *prospective* statements to law enforcement agents."  Record Document 212 at 3-4 (emphasis added).  The plea agreement was accepted and agreed to by the Government on April 5, 2010 and became effective when the Court accepted it on that same date.  See Record Documents 211-212.  Any statements Moss made prior to April 5, 2010 are not governed by the aforementioned use immunity agreement.

Also on April 5, 2010, Moss acknowledged and did not dispute a written factual basis for the plea which included regularly dealing in crack cocaine over a period of years with two different co-defendants.  See Record Document 212-2.  This factual basis, which contained free and voluntary statements made by Moss, formed the drug quantity used for the guidelines calculation.  Moss has not identified any statement that he made after he pleaded guilty that was used to calculate his guidelines sentencing range, and that is subject to the government's prospective use immunity agreement.

As argued by the government, it appears that Moss "is simply attempting to ride the coattails of a co-defendant who successfully argued that the government had breached his plea agreement by informing the court that the government intended to use proffered statements to support the drug calculations in the pre-sentence investigation report."  Record Document 556-1 at 4.  The Court finds that no such events occurred in this matter

and the facts of U. S. v. Harper, 643 F.3d 135 (2011), are not analogous to Moss's case. Thus, all of Moss's claims relating to the alleged use of immunized statements fail.

### 2.      Failure to Object to an Illegal Search

Moss argues that his counsel was ineffective because she "was aware that evidence that Government relied on in Count 2 of indictment, was obtained as a result of an illegal search by law officers, which counsel made no evidentiary challenges."  Record Document 465 at 6.  Moss contends that his counsel's failure "injured" him in two ways: "(1) [he] was enhanced because of evidence obtained illegally, and (2) this failure caused [him] prejudice, resulting in a harsher sentence."  Record Document 465 at 6.

As stated previously, Moss's guilty plea waiver "includes claims of ineffective assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary."  Glinsey, 209 F.3d at 392.  Here, Moss is essentially arguing ineffective assistance of counsel for failing to file a motion to suppress.  He does not raise the issue of voluntariness.  Thus, Moss's claim relating to the alleged illegal search, i.e., a Fourth Amendment violation, fails because he waived not only the filing of any and all pre-trial motions by pleading guilty, but also any ineffective assistance of counsel claims relating to his counsel's failure to file a motion to suppress.

Additionally, this claim fails on the merits because Moss gives no basis on which a meritorious motion to suppress could have been filed.  He plead guilty to conspiracy to distribute 50 grams or more of a mixture or substance containing a detectable amount of crack cocaine base or crack, not a substantive drug offense or a firearm offense. Suppression of the small amount of drugs and the firearms seized from his residence did not affect the conspiracy count to which he entered a guilty plea.  Simply put, counsel could

have reasonably concluded that the items seized from Moss's home, even if illegally seized, did not form any part of the evidence against him on the drug conspiracy charge. See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065 ("[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'").

### E.    Actual Innocence.

Finally, Moss argued "actual innocence of conspiracy."  Record Document 546 at 10.  He maintains that the evidence was insufficient to support a conspiracy conviction and shows "actual innocence."  Id.

"Actual innocence is not a free-standing ground for relief." U.S. v. Scruggs, 691 F.3d 660, 671 (5th Cir. 2012).  As explained by the Fifth Circuit, "it is a gateway to consideration of claims of constitutional error that otherwise would be barred from review."  Id.  Like the Scruggs court, this Court need not decide whether Moss is actually innocent because all of his constitutional claims fail on the merits.   "In other words, [this Court finds] no ground for relief on the other side of the gate."  Id.

### CONCLUSION

Based on the foregoing, the Court finds that the issues raised in Moss's Section 2255 motion are without merit.  His request for an evidentiary hearing likewise fails. Accordingly, his Section 2255 Motion (Record Document 464), his Amended Section 2255 Motion (Record Document 546), and his Motion for Evidentiary Hearing (Record Document 466) are **DENIED**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added).  Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of September, 2014.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE