**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 09-00279-10

VERSUS                                       JUDGE S. MAURICE HICKS, JR.

BRIAN MOSS                                   MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Petitioner Brian Moss's ("Moss") Motion For Appointment of Counsel (In light of Retroactive Amendment 3B1.2) ("Amendment 794") (Record Document 816). Moss seeks appointment of counsel "in light of the 'Minor Role' 3B1.2 Amendment." Id. at 1. He contends that the Amendment "was also made retroactive, because it is a clarifying amendment." Id. He believes "he may be entitled to the retroactive application of 3B1.2 Amendment made retroactive by the sentencing commission." Id. at 2.

"Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary." U.S. v. Gomez-Valle, No. 15-41115, 2016 WL 3615688, at *3 (5th Cir. July 5, 2016). In Gomez-Valle, the Fifth Circuit addressed Amendment 794:

> Whether Amendment 794 is substantive or clarifying is a matter of first impression in this circuit. The Ninth Circuit has held in a published opinion that Amendment 794 is clarifying and retroactive to cases on direct appeal. In an unpublished opinion, the Eleventh Circuit considered the non-exhaustive factors added by Amendment 794 to a sentence imposed prior to the Amendment's effective date, noting briefly that it "consider[s] clarifying amendments retroactively on appeal regardless of the date of sentencing." In a recent opinion, the First Circuit declined to reach the issue, noting that the changes effected by Amendment 794 provided no benefit to the defendant.
>
> We conclude that it is unnecessary to resolve whether Amendment 794 was a substantive change or instead only clarifying because even if it were applied retroactively, it would not affect Gomez-Valle's sentence.

Id. at *5.

While the Fifth Circuit did not resolve whether Amendment 794 should be applied retroactively in direct appeals, the record establishes that Moss is not entitled to appointment of counsel as to this issue.  Moss's direct appeal was resolved years ago.  In sum, Moss is not entitled to relief under Amendment 794, and for this reason, his request for appointment of counsel is **DENIED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE